UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| AHEAD FOUNDATION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:12-cv-52 |
| v. | ) | *Lee* |
| | ) | |
| FREDDIE MAC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is a motion to dismiss [Doc. 18] filed by Defendant Freddie Mac. For the reasons stated below, Defendant's motion to dismiss [Doc. 18] will be **GRANTED** and the case will be **DISMISSED WITHOUT PREJUDICE**.

## I.     BACKGROUND

Defendant removed the case from the Chancery Court of Hamilton County, Tennessee to this Court on February 17, 2012 [Doc. 1]. Plaintiff subsequently filed an amended complaint [Doc. 2] and what is titled a second motion for a temporary restraining order [Doc. 3]. The amended complaint alleges that Plaintiff is a foundation and a corporation doing business in Hamilton County, Tennessee; that Plaintiff received title to property at 4530 McDonald Rd. in Apison, Hamilton County, Tennessee; that Plaintiff's landlord executed a deed of trust now held by Wells Fargo; but that Plaintiff had a written agreement with the landlord, Betty C. Ashlock to use the property that

predated Defendants' foreclosure action;[1] and that Plaintiff would suffer irreparable harm if removed from the property [Doc. 2 at PageID# 19-20].   Plaintiff sought a restraining order prohibiting Defendants from foreclosing on the property or evicting Plaintiff from the property and requested a jury trial [*id.* at PageID# 20].[2]   The Court denied Plaintiff's motion for a temporary restraining order because it did not comply with the Federal Rules of Civil Procedure, and no further motion complying with the Rules was ever filed [Doc. 7].  Following an unsuccessful attempt by Plaintiff's counsel to withdraw, the parties consented to the undersigned and a Scheduling Order was entered [Docs. 8-12, 16-17].  Defendant filed its motion to dismiss on March 28, 2013 and Plaintiff did not file any response in opposition to the motion [Docs. 18, 19 & 20].

## II.     STANDARD OF REVIEW

There are three exhibits attached to Defendant's memorandum in support of its motion to dismiss [Docs. 19-2, 19-3 & 20].   Assessment of the facial sufficiency of a complaint must ordinarily be undertaken without regard to matters outside the pleadings, but the Court may "consider exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the

---

[1] Plaintiff originally filed suit in state court against Wells Fargo Mortgage alone [Doc. 1-1 at PageID# 5-6].  Plaintiff filed an amended complaint in state court the day before the case was removed which added Defendant Freddie Mac [Doc. 1-1 at PageID# 12-13].  After the case was removed, Wells Fargo filed a motion to dismiss [Doc. 4] and, apparently in lieu of responding to the motion, Plaintiff filed a motion requesting the Court adopt an agreed order of voluntary non-suit as to Wells Fargo, which was granted [Docs. 5 & 6].

[2] Plaintiff moved for, and was granted, a temporary restraining order against Defendant Wells Fargo until February 29, 2012 by the Chancery Court [Doc. 1-1 at PageID# 8-11].  After filing the amended complaint in state court, Plaintiff filed a second motion for temporary restraining order, but the case was removed before the hearing took place on that motion [*id.* at PageID# 15].  The motion for temporary restraining order filed after removal to this Court was essentially an identical motion, seeking relief pursuant to the Tennessee Rules of Civil Procedure [Doc. 3].

2

complaint and are central to the claims contained therein without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) (citation and alteration omitted). When a party presents material outside the pleadings in connection with its motion to dismiss, the Court may convert the motion into a motion for summary judgment or exclude the appended material and consider the matter only on the pleadings. *See* Fed. R. Civ. P. 12(d); *see Gunasekera v. Irwin*, 551 F.3d 461, 466 n.1 (6th Cir. 2009). One of the exhibits [Doc. 20] is the deed for the property in question and can be considered, as it was referenced in Plaintiff's amended complaint [Doc. 2]. Another [Doc. 19-3] is a record of accessing a public website to search for corporations in Tennessee, which is a public record. The third [Doc. 19-2] also appears to be a public record because it is a court order concerning the subject property. As such, it appears the Court may consider all three exhibits and still analyze the motion pursuant to Fed. R. Civ. P. 12(b)(6).

When the Court is presented with a motion under Rule 12(b)(6), the complaint is viewed in the light most favorable to plaintiffs, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of plaintiffs. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). While the complaint does not need "detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations, instead, must "raise a right to relief above the speculative level." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). That is, the facts presented must be sufficient to "allow[] the court to draw the reasonable inference that

3

the defendant is liable for the misconduct alleged." *Id.*

## III. ANALYSIS

As noted above, Plaintiff has not filed any timely or untimely response in opposition to Defendant's motion, and the Court deems Plaintiff's failure to respond as a waiver of any opposition to the requested relief pursuant to E.D. Tenn. L.R. 7.2. Nonetheless, the Court will briefly review the merits of Defendant's motion, which focuses on two main arguments: first, that Plaintiff is not a valid corporation under Tennessee law because the Secretary of State has no record of it as a corporation, contrary to what Plaintiff represents in the amended complaint; and second, that Plaintiff has not asserted any facts which entitle it to maintain possession of the foreclosed property and has cited no federal or state law which would entitle it to possession [Doc. 19 at PageID# 231-32].

"In order for a federal court to exercise jurisdiction over a matter, the party seeking relief must have standing to sue." *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002) (citations and internal quotations omitted). A plaintiff must establish the following elements to have standing. "[T]he plaintiff must have suffered an injury in fact . . . which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* (citations and internal quotations omitted). Second, "there must be a causal connection between the injury and the conduct complained of" and third, it must be likely that a favorable decision would redress the injury. *Id.* (citations and internal quotations omitted). Here, Plaintiff does not appear to be an entity with any legal rights because it is not incorporated in Tennessee, as alleged in the amended complaint, and it is unclear whether Plaintiff is an incorporated legal entity in any form. If it is not a legal entity, Plaintiff cannot suffer any injury. *See Cedric Kushner Promotions, Ltd. v. King*, 533

4

U.S. 158, 163 (2001) (noting that "incorporation's basic purpose is to create a distinct legal entity, with legal rights, obligations, powers, and privileges different from those of the natural individuals who created it, who own it, or whom it employs."). It is wholly unknown what person, persons, or other legal entity have suffered the actual injury complained of, and Plaintiff has made no attempt to argue against dismissal or move for the substitution of its real party in interest pursuant to Fed. R. Civ. P. 17. It is not apparent that Plaintiff was simply named incorrectly in the complaint by misnomer. *See Hilgraeve Corp. v. Symantec Corp.*, 212 F.R.D. 345, 347-48 (E.D. Mich. 2003). As such, it does not appear Plaintiff has any standing to sue for the relief sought in this action.

Moreover, Plaintiff's amended complaint contains no factual or legal support for the apparent claim it asserts against Defendant. Plaintiff cites to no federal or state law that would afford it the relief sought, and it is unclear what law Plaintiff intends to rely upon to form the basis for the injunctive relief. In the absence of opposition to Defendant's motion, there is little point in speculating as to what claims Plaintiff might have, although it appears as though Plaintiff seeks to halt eviction from a property it does not own on the basis of a written agreement between a tenant (Plaintiff) and its landlord (the owner of the subject property and a non-party)[3] that was not provided with the amended complaint. With such limited information, it is impossible for the Court to conceive how Plaintiff's amended complaint states a claim for which relief could be granted. *See Young v. Fannie Mae*, No. 1:12cv2902, 2013 WL 1284232, at *1-2 (N.D. Ohio Mar. 27, 2013) (dismissing claims of one plaintiff because his interest in the property at issue was only as a tenant

---

[3] Although Plaintiff appears to allege in the amended complaint that it received title to the property and the apparent agreement or deed predates the foreclosure action, the Ashlocks were named in the trustee's deed in February 2009, and Defendant has owned the property since January 4, 2010 by court order entered in its action against Thomas M. Ashlock and Betty C. Ashlock, named as the occupants of the property [Doc. 19-2 & 20].

per the allegations in the complaint).  Accordingly, Plaintiff's amended complaint fails under Rule 12(b)(6).

## IV.    CONCLUSION

For the reasons outlined above, Defendant's motion to dismiss [Doc. 18] is **GRANTED** and the case will be **DISMISSED WITHOUT PREJUDICE**.  A separate judgment will enter.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE